**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF NEW YORK**
**ALBANY DIVISION**

_____

| | |
|---|---|
| CHOICE HOTELS INTERNATIONAL, INC. ) | |
| ) | |
| Plaintiff ) | |
| ) | Civil Action No.: 1:13-CV-0192 |
| vs. ) | (GLS/CFH) |
| ) | |
| KOLATH HOTELS & CASINOS, INC. and ) | |
| CHINNAMMA GEORGE ) | |
| a/k/a ANNIE GEORGE ) | |
| a/k/a ANNIE KOLATH ) | |
| a/k/a SAJIMOLE GEORGE ) | |
| ) | |
| Defendants. ) | |

_____)

**COMPLAINT**

**COMES NOW** the Plaintiff, Choice Hotels International, Inc., by and through its legal

counsel, and in support of its Complaint against Defendants Kolath Hotels & Casinos, Inc. and

Chinnamma George a/k/a Annie George a/k/a Annie Kolath a/k/a Sajimole George (the "Named

Defendants") does hereby allege and aver:

**Parties**

1. Plaintiff, Choice Hotels International, Inc. is a Delaware corporation, licensed to conduct

   business in the State of New York, having a principal place of business at 10750

   Columbia Pike, Silver Spring, Maryland 20901.

2. Upon information and belief, Defendant Kolath Hotels & Casinos, Inc. is a corporation

   organized under the laws of the State of New York having a business address at 704

   Route 23B, Catskill, New York 12414-1250 and an original process address at P.O. Box

   5759, Albany, New York 12205-0759.

3. Upon information and belief, Defendant Chinnamma George a/k/a Annie George a/k/a Annie Kolath a/k/a Sajimole George is a natural person, is an officer of Defendant Kolath Hotels & Casinos, Inc., and regularly conducts business in this State and District, by, *inter alia*, engaging in the provision of hotel-motel services at Route 23-B and I-87 at Exit 21, Catskill, New York 12414.

### Jurisdiction and Venue

4. This Court has both diversity and federal question jurisdiction over this case.

5. This Court has diversity jurisdiction in this matter pursuant to 28 U.S.C. §1332(a) because the amount in controversy exceeds $75,000.00 and the parties are citizens of different States.

6. This Court has original federal question jurisdiction over the Lanham Act claims in this action pursuant to 15 U.S.C. §1121 and 28 U.S.C. §§1331, 1338(a).

7. This Court has original jurisdiction in this case pursuant to 28 U.S.C. §1338(b) because this civil action asserts a claim of unfair competition joined with a substantial and related claim under the trademark laws.

8. This Court has supplemental jurisdiction over the state and common law claims in this action pursuant to 28 U.S.C. §1367(a) because those claims are so related to the Lanham Act claims so as to form part of the same case or controversy under Article III of the United States Constitution.

9. Upon information and belief, each of the Named Defendants has sufficient contacts with this state and district such that this Court's exercise of personal jurisdiction over them comports with traditional notions of fair play and substantial justice.

10. Venue is proper in this Court pursuant to 28 U.S.C. §1391.

**Choice Hotels and the QUALITY family of marks**

11. Choice Hotels International, Inc. (hereinafter, "Choice Hotels") is in the business of operating and franchising hotels and motels.

12. Choice Hotels can trace its roots to the 1930s when it was comprised of a small chain of roadside hotels.

13. Since that time, Choice Hotels has grown to become one of the largest and most successful lodging franchisors in the world.

14. Choice Hotels is now a publically traded company with more than 6,000 franchised hotels.

15. Choice Hotels offers high value, mid priced, hotel, motel and restaurant services under such well known brands as CAMBRIA SUITES®, COMFORT INN®, COMFORT SUITES®, QUALITY®, SLEEP INN®, CLARION®, MAINSTAY SUITES®, SUBURBAN EXTENDED STAY HOTEL®, ECONO LODGE®, and RODEWAY INN®.

16. Choice Hotels and/or its predecessor in interest has been offering lodging services under a family of QUALITY marks since at least as early as 1939.

17. Choice Hotels is the owner of several United States Trademark Registrations for its QUALITY family of marks.

18. Choice Hotels is the owner of United States Trademark Registration No. 0,886,881 (hereinafter, "the '881 registration") for the mark QUALITY. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 1.

19. The '881 Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065.

20. Choice Hotels is the owner of United States Trademark Registration No. 1,050,372 (hereinafter, "the '372 Registration") for the mark QUALITY for use in connection with the provision of hotel, motel and restaurant services. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 2.

21. The '372 Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065.

22. Choice Hotels is the owner of United States Trademark Registration No. 1,183,294 (hereinafter, "the '294 Registration") for the mark QUALITY INN for use in connection with the provision of hotel, motel and restaurant services. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 3.

23. The '294 Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065.

24. Choice Hotels is the owner of United States Trademark Registration No. 1,534,820 (hereinafter, "the '820 Registration") for the mark QUALITY HOTEL for use in connection with the provision of hotel and restaurant services. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 4.

25. The '820 Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065.

26. Choice Hotels is the owner of United States Trademark Registration No. 1,699,581 (hereinafter, "the '581 Registration") for the mark QUALITY SUITES + Design for use in connection with hotel and motel services. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 5.

27. The '581 Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065.

28. Choice Hotels is the owner of United States Trademark Registration No. 1,769,488 (hereinafter, "the '488 Registration") for the mark QUALITY RESORT for use in connection with the provision of hotel and motel services. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 6.

29. The '488 Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065.

30. Choice Hotels is the owner of United States Trademark Registration No. 2,729,999 (hereinafter, "the '999 Registration") for the mark Q QUALITY INN + Design for use in connection with the provision of hotel and motel services. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 7.

31. The '999 Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065.

32. Choice Hotels is the owner of United States Trademark Registration No. 2,732,875 (hereinafter, "the '875 Registration") for the mark Q QUALITY SUITES + Design for use in connection with the provision of hotel and motel services. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 8.

33. The '875 Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065.

34. Choice Hotels is the owner of United States Trademark Registration No. 2,946,054 (hereinafter, "the '054 Registration") for the mark Q QUALITY + Design for use in connection with the provision of hotel and motel services, hotel and motel reservation

services for others, and online hotel and motel reservation services for others. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 9.

35. The '054 Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065.

36. Choice Hotels is the owner of United States Trademark Registration No. 3,053,888 (hereinafter, "the '888 Registration") for the mark QUALITY SUITES for use in connection with the provision of hotel and motel services, hotel and motel reservation services for others, and online hotel and motel reservation services for others. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 10.

37. The '888 Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065.

38. Choice Hotels is the owner of United States Trademark Registration No. 3,448,436 (hereinafter, "the '436 Registration") for the mark QUALITY INN & SUITES for use in connection with the provision of hotel and motel services, hotel and motel reservation services for others, and online hotel and motel reservation services for others. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 11.

39. Choice Hotels is the owner of United States Trademark Registration No. 3,448,437 (hereinafter, "the '437 Registration") for the mark Q QUALITY INN & SUITES + Design for use in connection with the provision of hotel and motel services, hotel and motel reservation services for others, and online hotel and motel reservation services for others. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 12.

40. Choice Hotels is the owner of United States Trademark Registration No. 3,435,885 (hereinafter, "the '885 Registration") for the mark Q QUALITY + Design for use in connection with the provision of hotel and motel services, hotel and motel reservation services for others, and online hotel and motel reservation services for others. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 13.

41. Choice Hotels is the owner of United States Trademark Registration No. 3,569,789 (hereinafter, "the '789 Registration") for the mark Q QUALITY HOTEL + Design for use in connection with the provision of hotel and motel services, hotel and motel reservation services for others, and online hotel and motel reservation services for others. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 14.

42. Choice Hotels is the owner of United States Trademark Registration No. 3,837,912 (hereinafter, "the '912 Registration") for the mark Q (Stylized) for use in connection with hotel and motel services, hotel and motel reservation services for others, and online hotel and motel reservation services for others; providing a complimentary breakfast to hotel guests. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 15.

43. Since the inception of their use, the service marks described in paragraphs 18 to 42 above (hereinafter, collectively, "the QUALITY family of marks"), have been used by Choice Hotels, its predecessors and franchisees only in connection with the provision of the highest value hotel and motel services.

44. Each registration identified in paragraphs 18 to 42 above remains active, valid and enforceable.

45. Choice Hotels has invested, and continues to invest, significant resources in the development, promotion and protection of the QUALITY family of marks.

46. As a result of its concerted branding efforts, the marks in the QUALITY family of marks have become widely associated, in the minds of the consuming and general public, with the goods and services offered by Choice Hotels.

47. The marks in the QUALITY family of marks are indicative to both the trade industry and consumers that items bearing, or services offered under, the QUALITY marks originate from, or are sponsored or approved by, Choice Hotels, and constitute genuine and authentic Choice Hotels goods and services.

48. On or about January 3, 2003, Choice Hotels entered into a Franchise Agreement with Kolath Hotels & Casinos, Inc. and Chinnamma George (hereinafter, collectively, "Kolath") which permitted Kolath to operate a QUAILTY INN® hotel franchise at Route 23-B and I-87 at exit 21, Catskill, New York 12414 (hereinafter, "the Subject Property"). A true and correct copy of the Franchise Agreement is attached hereto as Exhibit 16.

49. The Franchise Agreement specifically licensed the QUALITY family of marks to Kolath for so long as the Franchise Agreement remained in effect.

50. Paragraph 11 of the Franchise Agreement provides that upon termination, Kolath must immediately discontinue use of all trademarks belonging to Choice Hotels and that Kolath must refrain from using the Choice Hotels trademarks to identify the Hotel.

51. Kolath repeatedly defaulted on its material obligations under the Franchise Agreement.

52. Choice Hotels issued multiple Notices of Default to Kolath.

53. The most recent Notice of Default was issued to Kolath, via FEDEX® delivery service, on or about July 20, 2011. A true and correct copy of the Notice of Default is attached hereto as Exhibit 17.

54. The Notice of Default advised Kolath of its breach of the Franchise Agreement and offered Kolath the opportunity to take curative action to avoid termination of the Franchise Agreement.

55. Specifically, the Notice of Default advised Kolath that prior to July 20, 2011, Kolath defaulted on its material obligations under the franchise agreement by: (1) failing to pay its monthly franchise fees; (2) failing to pay its service charges and Choice Hotels Operators Council membership dues; and (3) failing to pay travel agent commission fees. Defendants further defaulted by failing to pay the fees due under the Technology Services Program Statement.

56. Kolath was given ten days to cure the default.

57. Kolath did not cure the default on or before the expiration of the ten-day deadline.

58. On or about August 17, 2011, Choice Hotels issued a Notice of Termination, via FEDEX® delivery service, to Kolath. A true and correct copy of the Notice of Termination is attached hereto as Exhibit 18.

59. The Notice of Termination was issued, *inter alia*, as a result of Kolath's failure to cure the July 20, 2011 default.

60. The Notice of Termination instructed Kolath to immediately cease and desist use of any and all marks owned by Choice Hotels. The Notice of Termination specifically instructed Kolath to remove any items that bear Choice Hotels marks including, but not limited to: DOT Signs, Billboards, Property Signage, Entrance Signage, Building

Signage, Local Yellow Page Ad, Airport Advertising, Lobby Display/Backdrop, Owner's Plaque, Rate/Hotel Law Cards, Stationery/Guest and Office, Shower Curtains, Fire Evacuation Cards, Soap/Amenity Package, In-Room Organizers, Cups/Glasses, Van Signs, Folios, Name Tags, Ice Buckets, Guest Service Directory, Sani-Bags, Travel Directories, Ashtrays, Phone Plate, Info Caddy, Matches, Brochures, Rack Cards, Flyers, Guest Room Door Signage, Do Not Disturb Cards, Wastebaskets, Sanitary Toilet Strips, Pad/Pencil/Pen, Guest Comment Cards, Manner in Which Phone is Answered, Voice Mail and domain name.

61. The Notice of Termination further informed Kolath that continued use of the QUALITY family of marks would constitute trademark infringement and would be dealt with accordingly.

62. The Notice of Termination further advised Kolath that, under the terms of the Franchise Agreement, Choice Hotels was entitled to $34,231.71 in franchise and related fees, $2,053.55 in travel agent commissions, and $57,037.33 for the remaining term of the Franchise Agreement.

63. The Notice of Termination demanded that Kolath tender full payment of $93,322.59 balance due and owning.  Choice Hotels further indicated that it would proceed with appropriate legal action if its demands were not met.

64. Upon information and belief, Kolath did not comply with the requirements set forth in the Notice of Termination.

65. Thereafter, Choice Hotels discovered that Kolath continued to use the QUALITY family of marks in, around, and in publicity for, the hotel located at the Subject Property.

66. Thereafter, Kolath submitted a request for reinstatement of the Franchise Agreement to Choice Hotels.

67. The Request for Reinstatement was denied on September 16, 2011.  A true and correct copy of the Denial of Reinstatement is attached hereto as Exhibit 19.

68. Thereafter, Choice Hotels discovered that Kolath continued to use the QUALITY family of marks in, around, and in publicity for, the hotel located at the Subject Property.

69. On or about November 22, 2011, Choice Hotels sent another letter, by certified mail, to Kolath regarding its continued unauthorized use of the QUALITY family of marks.  A true and correct copy of the November 22, 2011 letter is attached hereto as Exhibit 20.

70. The November 22, 2011 letter indicated that Choice Hotels considered the continued unauthorized use of its QUALITY family of marks by Kolath to be trademark infringement and again demanded that Kolath immediately cease use of the QUALITY family of marks.

71. Kolath was instructed to provide written and photographic evidence, no later than December 8, 2011, that it had completely ceased use of the QUALITY family of marks.

72. Kolath did not comply on or before the December 8, 2011 deadline.

73. Thereafter, Choice Hotels discovered that Kolath continued to use the QUALITY family of marks in, around, and in publicity for, the hotel located at the Subject Property.

74. Between November 2011 and October 2012, Choice Hotels received multiple complaints from hotel guests and the area Brand Performance Consultant regarding the Subject Property.

75. On or about October 10, 2012, Choice Hotels sent another letter, by certified mail, to Kolath regarding its continued unauthorized use of the QUALITY family of marks.  This

letter was returned to Choice Hotels. A true and correct copy of the October 10, 2012 letter is attached hereto as Exhibit 21.

76. The October 10, 2012 letter indicated that Choice Hotels considered the continued unauthorized use of its QUALITY family of marks by Kolath to be trademark infringement and again demanded that Kolath immediately cease use of the QUALITY family of marks.

77. Kolath was instructed to provide written and photographic evidence, no later than October 22, 2012, that it had completely ceased use of the QUALITY family of marks.

78. Kolath did not comply on or before the October 22, 2012 deadline.

79. Thereafter, Choice Hotels discovered that Kolath continued to use the QUALITY family of marks in, around, and in publicity for, the hotel located at the Subject Property.

80. Specifically, during the week of January 17, 2013, Choice Hotels received a report regarding continued use of the QUALITY marks at the Subject Property.

81. The continued use of the QUALITY family of marks by Kolath has irreparably damaged, and will continue to irreparably damage, the valuable good will associated with the QUALITY family of marks.

## COUNT I
### Infringement of Federally Registered Trademark
### (15 U.S.C. §1114)

82. Paragraphs 1-81 are incorporated by reference herein as though set forth in their entirety.

83. Choice Hotels is the owner of a family of QUALITY marks which it uses in connection with the provision of hotel and motel services.  Included in that family of marks are at least the following United States Trademark Registrations: the '881 registration; the '372 registration; the '294 registration; the '820 registration; the '581 Registration; the '488

12

registration; the '999 registration; the '875 registration; the '054 registration; the '436 registration; the '437 registration; the '888 registration; the '885 registration; the '789 registration and the '912 registration.

84. Choice Hotels licensed the QUALITY family of marks to Kolath as part of a Franchise Agreement.

85. Upon information and belief, after termination of the Franchise Agreement and its license, and despite receiving multiple notices regarding said termination, Kolath continued to use, and continues to use the QUALITY family of marks, including one or more of the federally registered marks identified in paragraph 83 above, in connection with the provision of hotel and motel services at the Subject Property.

86. Upon information and belief, Kolath had actual knowledge of the QUALITY family of marks owned by Choice Hotels and, without the consent of Choice Hotels, knowingly and deliberately used in commerce, in connection with the provision of hotel and motel services marks which are likely to cause confusion, mistake, or deception in violation of Section 32(a) of the Lanham Act, 15 U.S.C. §1114(1).

87. The acts of Kolath as described herein constitute infringement of one or more of Choice Hotels' federally registered trademarks.

88. As a direct and proximate cause of the infringing acts of Kolath, Choice Hotels has been damaged in an amount to be determined at trial.

89. Choice Hotels is entitled to injunctive relief under 15 U.S.C. §1116, and to recover its damages, the profits of Kolath, and the cost of the action under 15 U.S.C. §1117.

90. The acts of Kolath as described herein warrant this case being designated as exceptional under 15 U.S.C. §1117 and the imposition of treble damages and attorneys' fees.

91. The acts of Kolath as described herein have caused and will continue to cause serious irreparable injury to Choice Hotels and to the good will associated with the QUALITY family of marks unless restrained and enjoined by this Court. Choice Hotels has no adequate remedy at law.

## COUNT II
## Federal Unfair Competition – False Designation of Origin
## (15 U.S.C. §1125(a))

92. Paragraphs 1-91 are incorporated by reference herein as though set forth in their entirety.

93. Upon information and belief, Kolath had actual knowledge of the QUALITY family of marks owned by Choice Hotels and, without the consent of Choice Hotels, knowingly and deliberately used in commerce, in connection with the provision of hotel and motel services marks which are likely to cause confusion, mistake, or deception in violation of Section 43(a) of the Lanham Act (15 U.S.C. §1125(a)).

94. Upon information and belief, Kolath has used, and continues to use, one or more of the marks in the QUALITY family of marks in commerce in connection with the provision of hotel and motel services.

95. Such use constitutes a false designation of origin, and/or a false or misleading description and/or representation of fact which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association between Choice Hotels and Kolath, or as to the origin, sponsorship, or approval of the services or commercial activities of Kolath by Choice Hotels.

96. As a direct and proximate cause of the acts of Kolath as described herein, Choice Hotels has been damaged in an amount to be determined at trial.

97. Choice Hotels is entitled to injunctive relief under 15 U.S.C. §1116, and to recover its damages, the profits of Kolath, and the cost of the action under 15 U.S.C. §1117.

98. The acts of Kolath as described herein warrant this case being designated as exceptional under 15 U.S.C. §1117 and the imposition of treble damages and attorneys' fees.

99. The acts of Kolath as described herein have caused and will continue to cause serious irreparable injury to Choice Hotels and to the good will associated with the QUALITY family of marks unless restrained and enjoined by this Court. Choice Hotels has no adequate remedy at law.


**COUNT III**
**New York Common Law Trademark Infringement**

100.     Paragraphs 1–99 are incorporated by reference herein as though set forth in their entirety.

101.     Upon information and belief, Kolath had actual knowledge of the QUALITY family of marks owned by Choice Hotels and, without the consent of Choice Hotels, knowingly and deliberately used in commerce, in connection with the provision of hotel and motel services marks which are likely to cause confusion, mistake, or deception in violation of the common law of New York.

102.     Upon information and belief, Kolath has used, and continues to use, one or more of the marks in the QUALITY family of marks in commerce in connection with the provision of hotel and motel services.

103.     Such use is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association between Choice Hotels and Kolath, or as to the

origin, sponsorship, or approval of the services or commercial activities of Kolath by Choice Hotels.

104.     Kolath has used marks in commerce in connection with the provision of hotel and motel services which are likely to create consumer confusion in the marketplace; therefore those activities constitute trademark infringement under the common law of New York.

105.     As a direct and proximate cause of the acts of Kolath as described herein, Choice Hotels has been damaged in an amount to be determined at trial.

106.     Choice Hotels has been damaged by the conduct of Kolath as described herein and will continue to be so damaged in the absence of relief from this Court.

107.     The acts of Kolath as described herein have caused and will continue to cause serious irreparable injury to Choice Hotels and to the good will associated with the QUALITY family of marks unless restrained and enjoined by this Court. Choice Hotels has no adequate remedy at law.


### COUNT IV
### New York Common Law Unfair Competition

108.     Paragraphs 1–107 are incorporated by reference herein as though set forth in their entirety.

109.     Upon information and belief, Kolath had actual knowledge of the QUALITY family of marks owned by Choice Hotels and, without the consent of Choice Hotels, knowingly and deliberately used in commerce, in connection with the provision of hotel and motel services marks which are likely to cause confusion, mistake, or deception in violation of the common law of New York.

110.    Upon information and belief, Kolath has used, and continues to use, one or more of the marks in the QUALITY family of marks in commerce in connection with the provision of hotel and motel services.

111.    The acts of Koloth as described herein are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association between Choice Hotels and Kolath, or as to the origin, sponsorship, or approval of the services or commercial activities of Kolath by Choice Hotels.

112.    Kolath has used marks in commerce in connection with the provision of hotel and motel services which are likely to create consumer confusion in the marketplace; therefore those activities constitute unfair competition under the common law of New York.

113.    As a direct and proximate cause of the acts of Kolath as described herein, Choice Hotels has been damaged in an amount to be determined at trial.

114.    Choice Hotels has been damaged by the conduct of Kolath as described herein and will continue to be so damaged in the absence of relief from this Court.

115.    Kolath is liable to Choice Hotels for all damages, whether direct or indirect, for the misappropriation of the QUALITY family of marks, which damages are subject to trebling.

116.    The acts of Kolath as described herein were committed in bad faith and have caused and will continue to cause serious irreparable injury to Choice Hotels and to the good will associated with the QUALITY family of marks unless restrained and enjoined by this Court. Choice Hotels has no adequate remedy at law.

**WHEREFORE**, Choice Hotels prays:

A.  That each of the Named Defendants, jointly and severally, their agents, servants, employees and attorneys and all those in active concert or participation with them, be permanently and forever enjoined from using any of the marks in the QUALITY family of marks, including but not necessarily limited to, the marks appearing in the '881 registration; the '372 registration; the '294 registration; the '820 registration; the '581 Registration; the '488 registration; the '999 registration; the '875 registration; the '054 registration; the '436 registration; the '437 registration; the '888 registration; the '885 registration; the '789 registration and the '912 registration or any mark confusingly similar thereto;

B.  That each of the Named Defendants, jointly and severally, be found liable for Federal Trademark Infringement and Federal Unfair Competition resulting from its use of one or more of the QUALITY family of marks;

C.  That Choice Hotels be awarded judgment for damages against each of the Named Defendants, jointly and severally, resulting from violation of Section 32(a) of the Lanham Act (15 U.S.C. §1114) and 43(a) of the Lanham Act (15 U.S.C. §1125(a)) for Federal Trademark Infringement and Federal Unfair Competition, respectively, in an amount to be fixed by the Court which in its discretion it finds just, including:

> 1) all profits received by each Named Defendant from sales and revenues of any kind as a result of the actions complained of herein; and
>
> 2) all damages sustained by Choice Hotels as a result of each Named Defendant's acts of infringement and unfair competition, and that such damages be trebled; and

3) that, in light of the deliberate and willful actions of each Named Defendant this action be designated an exceptional case, thereby entitling Choice Hotels to an award of all reasonable attorneys' fees, costs, and disbursements incurred by Choice Hotels as a result of this action, pursuant to 15 U.S.C. §1117, and that Choice Hotels be awarded such relief;

D.  That Choice Hotels be awarded judgment for damages resulting from each Named Defendant's common law trademark infringement

E.  That Choice Hotels be awarded judgment for damages resulting from each Named Defendant's common law unfair competition and that such damages be trebled;

F.  That this Court award any and all relief not here enumerated that this Court should deem just and equitable;

G.  That Choice Hotels be awarded the costs and attorneys' fees it incurs in this action; and

H.  That all triable issues be brought before a jury.

Dated: February 20, 2013.                         Respectfully Submitted,

**McPhillips, Fitzgerald & Cullum, L.L.P**


By      : s/Edward P. Fitzgerald
          Edward P. Fitzgerald
          288 Glen Street,
          Glens Falls NY, 12801
          Phone: 518.792.1174
          Fax: 518.792.1675
          Email: efitzgerald@mfcllp.com
          Northern District No.: 516066

          *Attorneys for Plaintiff*
          *Choice Hotels International, Inc.*

Of Counsel:

Matthew J. Ladenheim
TREGO, HINES & LADENHEIM, PLLC
9300 Harris Corners Parkway, Suite 210
Charlotte, NC 28269
P.704.599.8911
F.704.599.8719
(N.C. Bar No. 29309)
mjl@thl-iplaw.com