**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

CHOICE HOTELS
INTERNATIONAL, INC.,

                Plaintiff,                1:13-cv-192
                                                  (GLS/CFH)
              v.

KOLATH HOTELS & CASINOS,
INC. et al.,

                Defendants.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **FOR THE PLAINTIFF:** | |
| McPhillips, Fitzgerald Law Firm<br>288 Glen Street<br>P.O. Box 299<br>Glens Falls, NY 12801-0299 | EDWARD P. FITZGERALD, ESQ. |
| Trego, Hines Law Firm<br>9300 Harris Corners Parkway, Suite 210<br>Charlotte, NC 28269 | MATTHEW J. LADENHEIM, ESQ. |
| **FOR THE DEFENDANTS:** | |
| *Kolath Hotels & Casinos, Inc.*<br>No Appearance | |
| *Chinnamma George a/k/a Annie George a/k/a Annie Kolath a/k/a Sajimole George*<br>E. Stewart Jones Hacker Murphy, LLP<br>7 Airport Park Boulevard<br>Latham, NY 12110-0104 | JOHN F. HARWICK, ESQ. |

**Gary L. Sharpe**
**Senior District Judge**

# MEMORANDUM-DECISION AND ORDER

## I. Introduction

Plaintiff Choice Hotels International, Inc. commenced this action for damages and permanent injunctive relief against defendants Kolath Hotels & Casinos, Inc. and Chinnamma George a/k/a Annie George, a/k/a/ Annie Kolath, a/k/a/ Sajimole George, alleging violations of the Lanham Act[1] and trademark infringement and unfair competition under the New York common law. (*See generally* Compl., Dkt. No. 1.) Pending is Choice Hotels' motion for default judgment against Kolath Hotels. (Dkt. No. 33.) For the reasons set forth below, the motion is granted.

## II. Background

**A. Facts**

Choice Hotels is a publicly traded company that operates and franchises hotels and motels, including the Quality Inn brand of hotels. (Compl. ¶¶ 11, 14-15, 22.) In furtherance of its business, Choice Hotels has registered various service marks, including the marks "QUALITY" and

---

[1] *See* 15 U.S.C. §§ 1051-1141n.

"QUALITY INN," as well as other marks containing the term "QUALITY" or a stylized "Q" (collectively, the "Quality family of marks"). (*Id.* ¶¶ 17-42; Dkt. No. 1, Attachs. 2-16.) In January 2003, Choice Hotels entered into a franchise agreement with defendants,[2] which permitted defendants to operate a Quality Inn hotel franchise in Catskill, New York. (*Id.* ¶ 48; Dkt. No. 1, Attach. 17.) The agreement authorized defendants to use the Quality family of marks in connection with the operation of the hotel, as long as the agreement remained in effect. (Dkt. No. 1, Attach 17 at 1-2; Compl. ¶ 49.) After defendants defaulted on obligations under the franchise agreement to pay various fees, service charges, and membership dues, Choice Hotels issued multiple "Notices of Default" to defendants. (Compl. ¶¶ 51-52, 55; Dkt. No. 1, Attach. 18.) When defendants failed to cure the default, Choice Hotels issued a "Notice of Termination" on August 17, 2011. (Compl. ¶¶ 56-59; Dkt. No. 1, Attach. 19.) The Notice of Termination instructed defendants to immediately cease use of the Quality family of marks, and explained that any further use would constitute trademark infringement. (Compl. ¶¶ 60-61; Dkt. No.

---

[2] George signed the franchise agreement individually, and as president of Kolath Hotels. (Dkt. No. 1, Attach. 17 at 22-23.)

1, Attach. 19 at 1.)

Thereafter, defendants sought reinstatement of the franchise agreement, which request was denied. (Compl. ¶¶ 66-67; Dkt. No. 1, Attach. 20.) In November 2011, after discovering that defendants continued to use the Quality family of marks "in, around, and in publicity for" the Catskill hotel, Choice Hotels alerted defendants that the continued use of the marks constituted trademark infringement and requested written and photographic evidence that all such marks had been removed from defendants' property. (Dkt. No. 1, Attach. 21; Compl. ¶¶ 69-71.) Subsequently, in October 2012, after receiving "multiple complaints from hotel guests and the area Brand Performance Consultant" regarding the Catskill hotel, Choice Hotels sent another letter to defendants demanding they immediately discontinue the use of any of the Quality family of marks, remove the marks from the Catskill property, and provide written and photographic proof of the same. (Compl. ¶¶ 74-77; Dkt. No. 1, Attach. 22.) The October 2012 letter was returned to Choice Hotels. (Compl. ¶ 75.) In January 2013, Choice Hotels received a report regarding the continued use of the Quality family of marks at defendants' property. (*Id.* ¶ 80.)

**B.** **Procedural History**

Choice Hotels filed its complaint on February 20, 2013. (*See generally* Compl.) On February 28, 2013, copies of the summons and complaint were served upon Kolath Hotels through the New York Secretary of State. *See* Fed. R. Civ. P. 4(h)(1)(A); N.Y. C.P.L.R. § 311(a)(1); N.Y. Bus. Corp. Law § 306(b)(1); (Dkt. No. 8.) Kolath Hotels failed to respond in any way, and its time to answer or otherwise respond expired on March 21, 2013. *See* Fed. R. Civ. P. 12(a). This action was subsequently adjourned by a November 2014 stipulation of Choice Hotels and George, due to Kolath Hotels' status as a debtor in a bankruptcy proceeding. (Dkt. No. 21.) In May 2015, a final decree was entered in that bankruptcy proceeding. (Dkt. No. 25.) Thereafter, pursuant to Fed. R. Civ. P. 55(a) and N.D.N.Y. L.R. 55.1, Choice Hotels requested the Clerk enter default against Kolath Hotels in this action. (Dkt. No. 29.) On July 30, 2015, the Clerk entered default. (Dkt. No. 31.) The pending motion for default judgment was then filed. (Dkt. No. 33.) Although Kolath Hotels was served the motion, as of the date of this memorandum-decision and order, Kolath Hotels has not appeared nor filed a response to the motion for default judgment. (Dkt. No. 35.)

### III. Standard of Review

"Federal Rule of Civil Procedure 55 provides a two-step process that the [c]ourt must follow before it may enter a default judgment against a defendant." *Robertson v. Doe*, 05-CV-7046, 2008 WL 2519894, at *3 (S.D.N.Y. June 19, 2008), *aff'd sub nom. Robertson v. Dowbenko*, 443 F. App'x 659 (2d Cir. 2011). "First, under Rule 55(a), when a party fails to 'plead or otherwise defend . . . the clerk must enter the party's default.' Second, pursuant to Rule 55(b)(2), the party seeking default judgment is required to present its application for entry of judgment to the court." *Id.* (quoting Fed. R. Civ. P. 55(a)). "Notice of the application must be sent to the defaulting party so that it has an opportunity to show cause why the court should not enter a default judgment." *Id.* (citing Fed. R. Civ. P. 55(b)(2)).

The entry of a default judgment under Rule 55(b)(2) of the Federal Rules of Civil Procedure is committed to the sound discretion of the court. *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993). In determining whether to grant a judgment of default, "the court considers 1) whether the defendant's default was willful; 2) whether defendant has a meritorious defense to plaintiff's claims; and 3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for

6

default judgment." *Robertson*, 2008 WL 2519894, at *3; *see Sola Franchise Corp. v. Solo Salon Studios Inc.*, No. 14-CV-0946, 2015 WL 1299259, at *5 (E.D.N.Y. Mar. 23, 2015). In considering these factors, the court accepts the factual allegations of the complaint as true, except for those averring the amount of damages, and draws all reasonable inferences in the moving party's favor. *See Finkel v. Romanowicz*, 577 F.3d 79, 81 n.1, 84 (2d Cir. 2009); *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). However, "a plaintiff must . . . establish that on the law it is entitled to the relief it seeks, given the facts as established by the default." *Finkel v. Triple A Group, Inc.*, 708 F. Supp. 2d 277, 280 (E.D.N.Y. 2010) (internal quotation marks and citation omitted); *see W.A.W. Van Limburg Stirum v. Whalen*, 90-CV-1279, 1993 WL 241464, at *4 (N.D.N.Y. June 29, 1993).

### IV. Discussion

**A. Willfulness**

First, the court notes that due notice of this action has been given to Kolath Hotels, however, no one has appeared on its behalf. In addition, the Clerk has already entered default against Kolath Hotels, and Choice Hotels has served Kolath Hotels with its motion for the issuance of default

7

judgment. (Dkt. Nos. 31, 33, 35.) A defendant's failure to appear, failure to respond to the complaint, and failure to respond to a motion for default judgment supports a finding of willfulness. *See Sola Franchise Corp.*, 2015 WL 1299259, at *6; *see also Indymac Bank v. Nat'l Settlement Agency, Inc.*, No. 07 Civ. 6865, 2007 WL 4468652, at *1 (S.D.N.Y. Dec. 20, 2007) (finding that defendants' non-appearance in the action, failure to respond to the complaint, and failure to respond to a motion for default judgment indicated willful conduct). Accordingly, the court concludes that Kolath Hotels' default was willful.

**B.     Meritorious Defense**

Because Kolath Hotels has failed to present any defense, the court, as it must, accepts the factual allegations of the complaint as true. *See Finkel*, 577 F.3d at 81 n.1. Therefore, "'the second factor-of whether [d]efendants have a meritorious defense-need not be addressed.'" *Robertson*, 2008 WL 2519894, at *3 (quoting *Mason Tenders Dist. Council v. Duce Constr. Corp.*, 2003 WL 1960584, at *2 (S.D.N.Y. Apr. 25, 2003)); *see Sola Franchise Corp.*, 2015 WL 1299259, at *6 ("[W]here a defendant fails to answer the complaint, a court is unable to make a determination whether the defendant has a meritorious defense to the plaintiff's claims,

8

which circumstance weighs in favor of granting a default judgment."
(internal quotation marks and citation omitted)). The question remains,
however, whether the factual allegations of the complaint are sufficient to
state a claim for the relief it seeks. *See CommScope, Inc. of N. Carolina v.
Commscope (U.S.A.) Int'l Grp. Co.*, 809 F. Supp. 2d 33, 37 (N.D.N.Y.
2011); *W.A.W. Van Limburg Stirum*, 1993 WL 241464, at *4.

    1.    *Lanham Act Claims*

Choice Hotels asserts two claims under the Lanham Act, namely, infringement of a federally registered trademark in violation of 15 U.S.C. § 1114, and false designation of origin in violation of 15 U.S.C. § 1125(a). (Compl. ¶¶ 83-99). To succeed on Lanham Act claims, a plaintiff must show that: (1) it has a valid mark that is entitled to protection under the Lanham Act, and (2) the defendant's actions are likely to cause confusion with plaintiff's mark. *See* 15 U.S.C. §§ 1114(1), 1125(a)(1)(A); *The Sports Auth., Inc. v. Prime Hospitality Corp.*, 89 F.3d 955, 960 (2d Cir. 1996); *see also Arrow Fastener Co., Inc. v. Stanley Works*, 59 F.3d 384, 390 n.4 (2d Cir. 1995) (noting that the standard is the same for claims under both sections 1114(1)(a) and 1125(a) of the Lanham Act).

Here, Choice Hotels alleges that the Quality family of marks have

been registered and that those registrations are "active, valid and enforceable." (Compl. ¶¶ 18-44; Dkt. No. 1, Attachs. 2-16). Accordingly, the first prong of the inquiry is satisfied. *See The Sports Auth., Inc.*, 89 F.3d at 960; *ERA Franchise Sys., LLC v. Kings Realty No. 1, Inc.*, No. 07-CV-5319, 2009 WL 2424123, at *4 (E.D.N.Y. July 30, 2009) ("The existence of a trademark registration is prima facie evidence of a valid trademark."); *Fusco Grp., Inc. v. Loss Consultants Int'l, Inc.*, 462 F. Supp. 2d 321, 327 (N.D.N.Y. 2006) ("A trademark registration is prima facie evidence of the mark's validity, and of the registrant's ownership and exclusive right to use the mark in commerce in the United States." (citing 15 U.S.C. § 1115(a); *Gruner + Jahr USA Publ'g v. Meredith Corp.*, 991 F.2d 1072, 1075 (2d Cir. 1993)). Further, because Kolath Hotels continues to hold itself out as operating a Quality Inn franchise, despite the termination of its franchise agreement, "likelihood of confusion is inevitable." *Dunkin' Donuts Inc. v. N. Queens Bakery, Inc.*, 216 F. Supp. 2d 31, 43-44 (E.D.N.Y. 2001) (internal quotation marks and citation omitted) (finding likelihood of confusion where defendants "continu[ed] to do business as a doughnut shop and [held] themselves out to be Dunkin' Donut retail shops, despite being in violation of their franchise agreements,

which explicitly provide[d] that they cease the use of the Dunkin' Donut marks"); *see S & R Corp. v. Jiffy Lube Int'l, Inc.*, 968 F.2d 371, 375 (3d Cir. 1992) ("[T]here is a great likelihood of confusion when the infringer uses the exact trademark as the plaintiff." (internal quotation marks and citation omitted)).

Based on the foregoing, Kolath Hotels is liable for trademark infringement and false designation of origin under the Lanham Act.

   2.   *New York Common Law Claims*

Choice Hotels also asserts claims of trademark infringement and unfair competition under the New York State common law. (Compl. ¶¶ 100-16.) As it has established Kolath Hotels' liability for trademark infringement under the Lanham Act, Choice Hotels has also established its liability for trademark infringement under New York State common law. *See CommScope, Inc.*, 809 F. Supp. 2d at 38; *see also Standard & Poor's Corp., Inc. v. Commodity Exch., Inc.*, 683 F.2d 704, 708 (2d Cir. 1982) ("The heart of a successful claim based upon [both] the Lanham Act . . . and common law trademark infringement is the showing of a likelihood of confusion as to the source of sponsorship of defendant's products."); *Sola Franchise Corp.*, 2015 WL 1299259, at *13 ("To prevail on a common law

claim of trademark infringement, a plaintiff need only present evidence sufficient to establish a violation of section 32(1) of the Lanham Act." (internal quotation marks and citation omitted)).  Further, Choice Hotels can "establish liability on its unfair competition claims under New York State common law by showing that [Kolath Hotels'] infringement was in bad faith."  *CommScope, Inc.*, 809 F. Supp. 2d at 38 (citing *Pita v. Tulcingo Car Serv., Inc.*, 10-CV-0481, 2011 WL 1790833, at *5 (E.D.N.Y. Apr. 7, 2011)); *see U.S. Polo Ass'n, Inc. v. PRL USA Holdings, Inc.*, 800 F. Supp. 2d 515, 538 (S.D.N.Y. 2011), *aff'd*, 511 F. App'x 81 (2d Cir. 2013) ("The only additional element that must be shown to establish a claim for unfair competition under the common law is bad faith.").  "A determination of bad faith centers around 'whether the defendant adopted its mark with the intention of capitalizing on plaintiff's reputation and goodwill.'"  *CommScope, Inc.*, 809 F. Supp. 2d at 38 (quoting *Lang v. Ret. Living Pub. Co.*, 949 F.2d 576, 583 (2d Cir. 1991)).

Here, Choice Hotels alleges that Kolath Hotels continued to hold itself out as operating a Quality Inn franchise through its use of the Quality family of marks after termination of its franchise agreement, despite Choice Hotels' warnings that the continued use of the marks constituted trademark

12

infringement. (Compl. ¶¶ 61, 65, 70, 73, 79-80.) These factual allegations, accepted as true, sufficiently allege bad faith on the part of Kolath Hotels. *See, e.g.*, *MyPlayCity, Inc. v. Conduit Ltd.*, No. 10 CIV. 1615, 2012 WL 2929392, at *5 (S.D.N.Y. July 18, 2012) ("[W]here an infringing former licensee uses a former licensor's trademark with the knowledge that it (the former licensee) has no right to do so, a court is well within its rights to find that the former licensee acted in bad faith.").

Based on the foregoing, Kolath Hotels is liable for trademark infringement and unfair competition under New York State common law.

### C. Prejudice

The final factor the court must evaluate in determining whether to grant default judgment is the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion. Because Kolath Hotels has been entirely unresponsive, denying this motion would be prejudicial to Choice Hotels, "'as there are no additional steps available to secure relief in this [c]ourt.'" *Sola Franchise Corp.*, 2015 WL 1299259, at *15 (quoting *Bridge Oil Ltd. v. Emerald Reefer Lines, LLC*, No. 06-CV-14226, 2008 WL 5560868, at *2 (S.D.N.Y. Oct. 27, 2008)).

### D. Requested Relief

13

Lastly, the court turns its attention to Choice Hotels' requested relief. Choice Hotels seeks an order that enjoins Kolath Hotels from use of the Quality family of marks, directs the immediate removal of signage, placards, and source indicators bearing any of the marks from Kolath Hotels' Catskill property, requires the destruction of all items and/or advertisements in Kolath Hotels' possession or control bearing any of the marks pursuant to 15 U.S.C. § 1118, directs the filing of a compliance report pursuant to 15 U.S.C. § 1116(a), and grants compensatory damages, treble damages, costs and attorney's fees pursuant to 15 U.S.C. § 1117. (Compl. at 18-19; Dkt. No. 33, Attach. 5.)

"'A court may issue an injunction on a motion for default judgment provided that the moving party shows that (1) it is entitled to injunctive relief under the applicable statute[,] and (2) it meets the prerequisites for the issuance of an injunction.'" *Pitbull Prods., Inc. v. Univ. Netmedia, Inc.*, 07 Civ. 1784, 2007 WL 3287368, at *5 (S.D.N.Y. Nov. 7, 2007) (quoting *Kingvision Pay-Per-View Ltd. v. Lalaleo*, 429 F. Supp. 2d 506, 516 (E.D.N.Y. 2006)); *accord CommScope, Inc.*, 809 F. Supp. 2d at 41. Because the Lanham Act grants district courts the "power to grant injunctions, according to the principles of equity and upon such terms as

14

the court may deem reasonable," 15 U.S.C. § 1116(a), the first prong is met. To meet the second prong, a plaintiff in a trademark infringement action must demonstrate:

> (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*Coach, Inc. v. Zhen Zhen Weng*, No. 13 Civ. 445, 2014 WL 2604032, at *20 (S.D.N.Y. June 9, 2014) (quoting *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006)); *see also Salinger v. Colting*, 607 F.3d 68, 77-78 (2d Cir. 2010) (explaining that "the traditional principles of equity" embodied in the four-factor *eBay* test "are the presumptive standard for injunctions in any context").

Here, accepting Choice Hotels' factual allegations as true, the four factors weigh in favor of granting an injunction. "'[I]n a trademark case, irreparable injury is established where there is any likelihood that an appreciable number of ordinarily prudent purchasers are likely to be misled, or indeed simply confused, as to the source of the goods in question.'" *CommScope, Inc.*, 809 F. Supp. 2d at 42 (quoting *Lobo Enters., Inc. v.*

15

*Tunnel, Inc.*, 822 F.2d 331, 333 (2d Cir. 1987)). Because, according to the complaint, Kolath Hotels has continued to hold itself out as operating a Quality Inn franchise after the termination of its franchise agreement, Choice Hotels has established a likelihood of confusion and, thus, an irreparable injury. *See id.* Further, because Kolath Hotels was willful in its infringement of the Quality family of marks and "there are no assurances in the record against [its] continued infringement, monetary damages are unlikely to present an adequate remedy," *Sola Franchise Corp.*, 2015 WL 1299259, at *17, (citing *Stark Carpet Corp. v. Stark Carpet & Flooring Installations, Corp.*, 954 F. Supp. 2d 145, 158 (E.D.N.Y. 2013)), and the balance of hardships weigh in favor of Choice Hotels, *see Coach, Inc.*, 2014 WL 2604032, at *21 ("The balance of hardships also weigh in favor of [p]laintiffs, given the very real possibility of the [d]efendants' possible future infringement."). Finally, because a permanent injunction would prevent consumer confusion, public interest would not be disserved by the issuance of one. *See id.*

Based on the foregoing, Choice Hotels' request for injunctive relief against Kolath Hotels is granted. Further, Choice Hotels' request, pursuant to 15 U.S.C. § 1116(a), for an order directing Kolath Hotels to file a sworn

report detailing compliance with the injunction, (Dkt. No. 33, Attach. 4 at 11), is granted. Lastly, Choice Hotels' request that the court reserve decision on the award of damages and attorney's fees and direct Kolath Hotels to provide documentation showing the gross profits received as a result of its infringing activity, (*id.* at 11-12), is granted. In the circumstances here, however, Choice Hotel's request that the court order the destruction of infringing items, (Dkt. No. 33, Attach. 4 at 10), is denied without prejudice. While 15 U.S.C. § 1118 permits the court to order an infringing defendant to "deliver[] up and destroy" all signs, packaging and advertisements bearing the plaintiff's trademark, the decision to do so is committed to the court's discretion. *See Krevat v. Burgers to Go, Inc.*, No. 13-CV-6258, 2014 WL 4638844, at *14 (E.D.N.Y. Sept. 16, 2014). "'[W]here an injunction is issued under the Lanham Act enjoining an infringer from further infringement, the rights of the plaintiff are adequately protected and an order requiring destruction of infringing articles, though permitted, may be unnecessary.'" *Id.* (quoting *Breaking the Chain Found., Inc. v. Capitol Educ. Support, Inc.*, 589 F. Supp. 2d. 25, 33 (D.D.C. 2008)). In light of the injunction to be entered by the court in this matter, and the requirement that Kolath report on its compliance with the injunction, such

17

an order is unnecessary at this time.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Choice Hotels' motion for default judgment (Dkt. No. 33) is **GRANTED IN PART** and **DENIED IN PART** as indicated below; and it is further

**ORDERED** that Kolath Hotels, including its agents, servants, employees, representatives, subsidiaries, successors, and assigns, is hereby **PERMANENTLY ENJOINED** from using any of the marks in the Quality family of marks, including the marks appearing in trademark registration numbers 886,881; 1,050,372; 1,183,294; 1,534,820; 1,699,581; 1,769,488; 2,729,999; 2,732,875; 2,946,054; 3,053,888; 3,448,436; 3,448,437; 3,435,885; 3,569,789; 3,837,912, or any mark confusingly similar thereto; and it is further

**ORDERED** that Kolath Hotels shall, within thirty (30) days of the date of this memorandum-decision and order, file with the court and serve on Choice Hotels a report in writing under oath setting forth in detail the manner and form in which it has complied with the injunction; and it is further

**ORDERED** that Kolath Hotels shall, within sixty (60) days of the date of this memorandum-decision and order, deliver to Choice Hotels' counsel documentation showing all profits received as a result of its infringing activity, and it is further

**ORDERED** that Choice Hotels' council shall file, within thirty (30) days of the date of receipt of Kolath Hotels' documentation showing all profits received as a result of its infringing activity, briefing papers with calculations of an award of damages, attorney's fees, and costs under 15 U.S.C. § 1117(a), and it is further

**ORDERED** that Choice Hotels' request that Kolath Hotels be ordered to deliver to Choice Hotels for destruction materials in its possession bearing any of the marks in the Quality family of marks is **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that Choice Hotels and George shall, within seven (7) days of the date of this order, advise the court of their positions on the need for an adjournment in light of this Memorandum-Decision and Order, or whether they request to withdraw their stipulation of adjournment (Dkt. No. 38); and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-

19

Decision and Order to the parties.

**IT IS SO ORDERED.**

January 19, 2016
Albany, New York

_____
Gary L. Sharpe
U.S. District Judge