UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CHOICE HOTELS
INTERNATIONAL, INC.,

     **Plaintiff,**     1:13-cv-192
              (GLS/CFH)
     v.

KOLATH HOTELS & CASINOS,
INC.,

     **Defendant.**
_____

## ORDER

On June 10, 2016, plaintiff Choice Hotels International, Inc. filed a motion to hold defendant Kolath Hotels & Casinos, Inc. in civil contempt for violating the permanent injunction and Order issued by the court on January 19, 2016.[1] (Dkt. No. 52.) Having reviewed the unopposed motion[2]

---

[1] "A party will be held in civil contempt of a court order only upon a showing of 'clear and convincing' evidence of a violation of 'a clear and unambiguous' order of the court." *Matrix Essentials v. Quality King Distribs., Inc.*, 346 F. Supp. 2d 384, 390 (E.D.N.Y. 2004) (quoting *New York v. Local 28, Sheet Metal Workers' Int'l. Assoc.*, 170 F.3d 279, 282-83 (2d Cir. 1999)). "Ordinarily, a hearing is required before a court may award civil contempt sanctions, but [n]o hearing is required . . . where there are no material facts in dispute." *Sulzer Mixpac USA, Inc. v. Shanghai NSJ Hardware Ltd.*, No. 09 Civ. 9705, 2013 WL 5997707, at *3 (S.D.N.Y. Nov. 13, 2013) (internal quotation marks and citations omitted) (holding that, because the defendant failed to appear in the action to dispute the facts proffered by the plaintiff in support of the motion for sanctions, no hearing was required), *report and recommendation adopted*, 2014 WL 793086 (S.D.N.Y. Feb. 25, 2014).

[2] Although Kolath Hotels was served the motion, (Dkt. Nos. 53-55), as of the date of this Order, Kolath Hotels has not appeared nor filed a response to the motion for a judgment of civil contempt and order enforcing the permanent injunction.

and supporting papers submitted by Choice Hotels, the court finds that:

(a) On January 19, 2016, the court granted Choice Hotels' motion for default judgment and issued a permanent injunction prohibiting Kolath Hotels from using any of the marks in the Quality family of marks, including the marks appearing in trademark registration numbers 886,881; 1,050,372; 1,183,294; 1,534,820; 1,699,581; 1,769,488; 2,729,999; 2,732,875; 2,946,054; 3,053,888; 3,448,436; 3,448,437; 3,435,885; 3,569,789; 3,837,912, or any mark confusingly similar thereto, (Dkt. No. 40 at 18);

(b) The January 2016 Order further required Kolath Hotels to file with the court and serve on Choice Hotels, within thirty (30) days of the date of the Order, a report in writing under oath setting forth in detail the manner and form in which it has complied with the injunction, (*id.*);

(c) The court also instructed Kolath Hotels to deliver to Choice Hotels' counsel documentation showing all profits received as a result of its infringing activity, within sixty (60) days of the date of the Order, (*id.* at 19);

(d) Kolath Hotels has continued to use the Quality family of marks, (Dkt. No. 52, Attach. 2 at 1);

(e) Kolath Hotels has failed to file a compliance report;

(f) Kolath Hotels has failed to serve Choice Hotels with any documentation relating to profits, (Dkt. No. 52, Attach. 1 at 2-3);

(g) Kolath Hotels' use of the Quality family of marks works a continued injury on Choice Hotels and the goodwill associated with the Quality family of marks, (Dkt. No. 40 at 13-17).

Accordingly, it is hereby

**ORDERED** that Choice Hotels' motion for a judgment of civil contempt and order enforcing the permanent injunction (Dkt. No. 52) is **GRANTED**; and it is further

**ORDERED** that, within thirty (30) days of the date of this Order, the United States Marshal or his deputy, accompanied by Choice Hotels' counsel and/or persons acting under its supervision, shall **SEIZE** and **IMPOUND** all items at the Subject Property, specifically, the hotel and grounds located at Route 23-B and I-87 Exit 21, Catskill, New York 12414, bearing any of the marks in the Quality family of marks, including but not limited to, the marks appearing in trademark registration numbers 886,881; 1,050,372; 1,183,294; 1,534,820; 1,699,581; 1,769,488; 2,729,999; 2,732,875; 2,946,054; 3,053,888; 3,448,436; 3,448,437; 3,435,885; 3,569,789; 3,837,912, and that any such items be turned over

to Choice Hotels for destruction or such other disposition as Choice Hotels shall in its sole discretion deem appropriate, including the following items:

Property Signage, Entrance Signage, Building Signage, Lobby Displays/Backdrops, Owner's Plaques, Rate/Hotel Law Cards, Stationery/Guest and Office, Shower Curtains, Fire Evacuation Cards, Soap/Amenity Packages, In-Room Organizers, Cups/Glasses, Van Signs, Folios, Name Tags, Ice Buckets, Guest Service Directories, Sani-Bags, Travel Directories, Ashtrays, Phone Plates, Info Caddies, Matches, Brochures, Rack Cards, Flyers, Guest Room Door Signage, Do Not Disturb Cards, Wastebaskets, Sanitary Toilet Strips, Pads/Pencils/Pens, Guest Comment Cards; and it is further

**ORDERED** that pursuant to 28 U.S.C. § 1921 and 28 C.F.R. § 0.114, Choice Hotels shall be responsible for any costs associated with the service and execution of this Order; and it is further

**ORDERED** that Choice Hotels shall be responsible for notifying and coordinating the service and execution of this Order with the designated representative for the United States Marshal, Administrative Officer Barbara Wright, at (315) 473-7603; and it is further

**ORDERED** that Choice Hotels shall within thirty (30) days of any seizure authorized by this Order, file a Notice of Compliance identifying the date of seizure, the items seized, and the costs incurred.

**IT IS SO ORDERED.**

September 27, 2016
Albany, New York

Gary L. Sharpe
U.S. District Judge

5